UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Vernette E. Stewart,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 13-1125 (CKK)** |
| | : | |
| **Mary Jo White,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

The parties in this employment discrimination case were ordered to address plaintiff's claim arising from her request for reasonable accommodations for her upper respiratory condition. *See Stewart v. White*, 61 F. Supp. 3d 118, 133-34 (D.D.C. 2014). Defendant has supplemented the record, *see* Def.'s Suppl. to Its Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 26 (Def.'s Suppl."), and plaintiff has responded, *see* Pl.'s Response to Def.'s Suppl., ECF No. 28 ("Pl.'s Suppl. Opp'n"). Upon consideration of the supplemental record, and for the reasons explained below, the Court will grant summary judgment to the defendant on the remaining issue and enter judgment accordingly.

**I. BACKGROUND**

The initial decision sets out the events forming basis of this action, most of which will not be repeated here. The relevant facts are as follows. Plaintiff worked as a secretary at the Securities and Exchange Commission for a little over 10 years. *Stewart*, 61 F. Supp. 3d at 123. She suffered from an upper respiratory condition that restricted her breathing. *See id.* at 124. Plaintiff's health care provider recommended a well-ventilated work environment and the use of a HEAP filter purifier. *Id*.

In May 2011, plaintiff requested reasonable accommodations in the form of teleworking, liberal leave, and an air purifier and humidifier. Pl.'s Suppl. Opp'n, Ex. H at ECF pp. 57-58 (Laura Stomski April 9, 2012 letter summarizing history of plaintiff's accommodation requests) (hereafter "Apr. 9, 2012 letter"). In September 2011, plaintiff was approved for a period of six months to take unscheduled leave in the form of accrued leave or leave without pay when she needed to recuperate from "flare-ups" that left her ill or severely congested. *Stewart*, 61 F. Supp. 3d at 124; Apr. 9, 2012 letter. In approving the "alternative" accommodation, the agency's Program Disability Officer (DPO), Laura Stomski, denied plaintiff's request to telework, reasoning that "a significant portion of your essential duties cannot be performed remotely." Def.'s Summ. J. Mot., Ex. O, ECF No. 9-14 (Laura Stomski Sept. 22, 2011 letter at 2 (hereafter "Sept. 22, 2011 letter"). Stomski also informed plaintiff that "[w]hile your physician recommended that you work in an environment that is well ventilated, the documentation does not specify that you need an air purifier/humidifier at work to manage your condition. Nevertheless, the DPO will contact Facilities and ask that air quality of your work area be checked and that any problems be addressed." *Id*.

"[P]laintiff had an air purifier for at least five years." Pl.'s Suppl. Opp'n at 1. In January 2012, however, plaintiff requested and was granted an upgraded air purifier. Def.'s Suppl. at 11 (citing Exs. D, E, F, January 2012 e-mail exchange). In April 2012, defendant denied plaintiff's request to extend and modify the September 2011 leave accommodation upon questioning her medical documentation. *See* Apr. 9, 2012 letter. Plaintiff submitted additional medical documentation dated May 10, 2012, and tendered her resignation by letter dated May 17, 2012, stating her last day of duty as June 1, 2012. *Stewart*, 61 F. Supp. 3d at 126.

The remaining claim to be resolved stems from evidence in the record that plaintiff requested and was denied the accommodation of relocation of her work space from an assigned cubicle to a private office. Based on such evidence, the Court determined that plaintiff had presented a plausible reasonable accommodation claim under the Rehabilitation Act that neither party had addressed. *Id.* at 133-34. Consequently, the Court denied defendant's motion as to that aspect of plaintiff's discrimination claim and directed the parties to supplement the record. *Id*. at 134.

## II.  LEGAL STANDARD

The Rehabilitation Act, which incorporates the standards of the Americans with Disabilities Act, requires federal employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business[.]" 42 U.S.C. § 12112(b)(5)(A). "To establish that the defendant failed to provide a reasonable accommodation, the plaintiff must show that: (1) she has a disability within the meaning of the statute; (2) the defendant had notice of her disability; (3) she could perform the essential functions of the employment position with or without reasonable accommodation; and (4) the defendant refused to make the accommodation." *Bonnette v. Shinseki*, 907 F. Supp. 2d 54, 77 (D.D.C. 2012). "If the plaintiff establishes a prima facie case of failure to provide reasonable accommodation, then it is up to the employer to demonstrate that the accommodation would have imposed an undue burden on its business; the ultimate burden, however, remains with the plaintiff." *Id*. *See also Barth v. Gelb*, 2 F.3d 1180, 1185-86 (D.C. Cir. 1993) (explaining that the burden-shifting framework of *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792 (1973), does not apply to reasonable accommodation claims and that such claims should be tested through the "application of traditional burdens of proof.").

In order "[t]o determine what an appropriate, reasonable accommodation would be, an agency should 'initiate an informal, interactive process with the qualified individual with a disability in need of accommodation.' " *Morris v. Jackson*, 994 F. Supp. 2d 38, 47 (D.D.C. 2013) (quoting 29 C.F.R. § 1630.2(o)(3)) (citation omitted). "The process contemplated is a 'flexible give-and-take' between employer and employee 'so that together they can determine what accommodation would enable the employee to continue working.' " *Ward v. McDonald*, 762 F.3d 24, 32 (D.C. Cir. 2014) (quoting *EEOC v. Sears, Roebuck & Co.*, 517 F.3d 789, 805 (7th Cir. 2005)). However, "an employer is not required to provide an employee that accommodation [s]he requests or prefers, the employer need only provide some reasonable accommodation," *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1305 (D.C. Cir. 1998) (quoting *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996)), and "the employee has the burden of identifying reasonable accommodations," *Graffius v. Shinseki*, 672 F. Supp. 2d 119, 126 (D.D.C. 2009) (citing *Chinchillo v. Powell*, 236 F. Supp. 2d 18, 23-24 (D.D.C. 2003)).

The Court of Appeals has defined a "reasonable accommodation" as one "employing a *method of accommodation* that is reasonable in the run of cases . . . ." *Barth*, 2 F.3d at 1187 (emphasis in original). "[A]ccommodations are reasonable if they allow the employee to perform the essential functions of the job without imposing undue hardship on the employer." *Norden v. Samper*, 503 F. Supp. 2d 130, 145 (D.D.C. 2007). "The plaintiff bears the burden to show that the requested accommodation is reasonable on its face—the sort of accommodation that normally occurs." *Morris*, 994 F. Supp. 2d at 47 (citation omitted). "When a plaintiff can make that showing, the defendant must demonstrate special circumstances that the

accommodation would impose an undue hardship." *Id*. "Undue hardship" constitutes "an action requiring significant difficulty or expense." 42 U.S.C. § 12111(10)(A). "To survive summary judgment, [a plaintiff] must demonstrate that [a defendant] failed to provide reasonable accommodations that would have allowed her to perform her essential employment functions[.]"*Bonnette*, 907 F. Supp. 2d at 78. It is only after that showing that the defendant must "show that such accommodations would have caused an undue burden." *Id*.

"An underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied." *Flemmings v. Howard Univ*., 198 F. 3d 857, 861 (D.C. Cir. 1999). Hence, "[t]o create an issue for the jury" plaintiff must point to "sufficient evidence" in the record showing that she requested an accommodation and "that, after the request, [defendant] refused to make an accommodation." *Stewart v. St. Elizabeths Hosp*., 589 F.3d 1305, 1308 (D.C. Cir. 2010); *see Edwards v. U.S. EPA*, 456 F. Supp. 2d 72, 102 (D.D.C. 2006) ("[T]he dispositive issue is whether [plaintiff] requested and was denied an accommodation."). In addition, "when an employee seeks a workplace accommodation, the 'accommodation must be related to the limitation that rendered the person disabled.' " *Adams v. Rice*, 531 F.3d 936, 944 (D.C. Cir. 2008) (quoting *Nuzum v. Ozark Auto. Distribs., Inc*., 432 F.3d 839, 848 (8th Cir. 2005)); *see id*. at 953 (quoting *Taylor v. Principal Fin. Group, Inc*., 93 F.3d 155, 164 (5th Cir. 1996) ("[T]he ADA requires employers to reasonably accommodate limitations, not disabilities.").

### III. DISCUSSION

Defendant does not dispute that plaintiff has a known disability within the meaning of the ADA. Thus, the Court finds no genuine issue presented on the first and second requirements of the reasonable accommodation claim.

Defendant first argues that plaintiff's failure to follow known procedures for requesting an accommodation defeats the claim. *See* Def.'s Suppl. at 7-9. But defendant has focused on evidence showing the deficiencies in plaintiff's request for leave under the Family Medical Leave Act ("FMLA"), *see* Def.s' Suppl. at 1-9, which was eventually granted but, more importantly, is no longer at issue. *See Stewart*, 61 F. Supp. 3d at 134-35 (granting summary judgment to defendant on the FMLA claim). Defendant has not identified "a fixed set of procedures" it contends plaintiff failed to follow in making the accommodation request, *Davis v. George Washington Univ.*, 26 F. Supp. 3d 103, 114 (D.D.C. 2014), nor has defendant pointed to any place in the perplexing record for the Court to draw an inference one way or the other. Furthermore, plaintiff counters that she "did everything that was required for FMLA and/or Reasonable Accommodations in 2012, as done in the Previous Year of 2011, when Plaintiff was approved." Pl.'s Suppl. Opp'n at 5. Accordingly, the Court finds that a genuine factual dispute exists to preclude summary judgment for defendant on this argument.

Although the Court focused on plaintiff's request for relocation to a private office, *Stewart*, 61 F. Supp. 3d at 133-34, defendant argues next that the relocation request and two others--to telework and for an air purifier-- were "appropriately denied." Def.'s Suppl. at 9; *see* Apr. 9, 2012 letter (plaintiff requested accommodations "in the form of telework, the ability to be granted leave through the leave share program, and an office environment with an air purifier and humidifier"). The Court will address each request.

   1. Teleworking

Plaintiff's request to telework is a non-starter. Defendant argues that given the nature of plaintiff's job, she cannot show that she could perform the essential functions of her position from home. Def.'s Suppl. at 9-10. Indeed, plaintiff admits that as a secretary, her "main duties

were[:] travel and meeting coordinator, timekeeper, maintain[ing] supervisor's calendar, track[ing] incoming correspondences, answer[ing] phone calls, sort[ing]/distribut[ing] daily mail, log[ging] and greet[ing] visitors to meetings, maintain[ing] filing systems [,] and [acting as] a liaison to a staff of 30 or more to resolve administrative issues and fulfill many other administrative requests." *Stewart*, 61 F. Supp. 3d at 123-24 (quoting Pl.'s Statement of Material Facts). And she does not complain about the alternative accommodation of liberal leave, which she sought to extend. Moreover, in denying plaintiff's request to telework, the agency's disability officer observed that "a significant portion of [plaintiff's] essential duties cannot be performed remotely." Sept. 22, 2011 letter at 2.

No reasonable juror presented with the foregoing evidence, particularly plaintiff's own description of her job, could find that plaintiff could have performed the essential functions remotely. Hence, the Court will grant summary judgment to defendant on the accommodation claim arising from the telework request.

    2. Air Purifier

Contrary to defendant's framing of the argument, the record establishes that the agency did in fact provide plaintiff with an air purifier promptly in response to her request on January 3, 2012, for "an upgraded air purifier." Def.'s Suppl. at 11 (citing Exs. D, E, F, e-mail exchanges). Plaintiff complains now that instead of an upgraded air purifier she "received the same newly desk air purifier as [she] had been using for years," which "didn't medically assist [because it ] was not one up to par . . . that pulls dust, mold and mildew, bacteria to improve air quality environment" like the air purifiers in her home. Pl.'s Suppl. Opp'n at 1. But plaintiff points to nothing in the record from which a reasonable juror could find or infer that defendant was aware

7

of the air purifier's inadequacies, or plaintiff's dissatisfaction with it, at the crucial time in January through March 2012 and denied any request for a replacement.[1]

    3.  Private Office

More problematic is plaintiff's request to be moved into a private office.  Defendant does not dispute that plaintiff asked her supervisor in May 2012 for assistance in moving her from her assigned work area "as part of the reasonable accommodations." *Stewart*, 61 F. Supp. 3d at 133 (quoting Pl.'s Opp'n).  In addition, the agency acknowledged plaintiff's request to be moved into a private office when it was considering her request to extend the "current [leave] accommodation" approved for six months in September 2011.  Apr. 29, 2012 letter at 1.  But the evidence in the record shows that defendant denied the extension because plaintiff had failed to provide the updated medical documentation defendant needed in order to address the extension "or [ ] any other requests, such as [plaintiff's] request to move into a private office[.]" *Id.* at 1-2.  Plaintiff submitted an updated medical form, dated May 10, 2012, and soon after tendered her resignation letter dated May 17, 2012.  *See Stewart*, 61 F. Supp. 3d at 125-26; *see also id*. at 132-33 (granting summary judgment to defendant on constructive discharge claim).

During the interactive process, *see* 29 C.F.R. § 1630.2(o)(3), " '[a] party that fails to communicate, by way of initiation or response, may be acting in bad faith,' " and when " 'the interactive process breaks down courts should attempt to isolate the cause of the breakdown and then assign responsibility to the culpable party.' " *Morris*, 994 F. Supp. 2d at 47 (quoting *Woodruff v. LaHood*, 777 F. Supp. 2d 33, 41, 42 (D.D.C. 2011)) (other citation and internal

---

[1]  According to defendant, in an email dated January 4, 2012, plaintiff, upon learning that her request was approved responded: "Thanks Much!!! This upgraded air purification will greatly assist my health issue in my working area." Defendant cites Exhibit F but that document is not in the record.  Def.'s Suppl.  at 11. To complete the record, defendant is granted leave to file that document within ten days after this decision.

quotation marks omitted).  Under the present circumstances, "to establish that her request was 'denied,' [plaintiff] must show either that [defendant] in fact ended the interactive process or that it participated in the process in bad faith." *Ward*, 762 F.3d at 32.  Plaintiff can show neither.  It is reasonable to conclude from this record that the interactive process broke down or was "cut short," *Buie v. Berrien*, Civ. No. 13-1181 (ABJ), ___ F. Supp. 3d ____, ____, 2015 WL 1404576, at *8 (D.D.C. Mar. 27, 2015), when plaintiff tendered her resignation so soon after supplying the requested updated medical documentation.  Hence, plaintiff cannot show unlawful discrimination and has no one to blame but herself.  *See Ward*, 762 F. 3d at 35 ("Ward is the author of her misfortune—she and the BVA parted ways not because the BVA discriminated or retaliated against her based on her disability but because she acted precipitately[,]" by resigning before the agency could obtain sufficient documentation to act on her request).

Defendant argues in any event that the upgraded air purifier was a reasonable alternative accommodation, Def.'s Suppl. at 12, which the record supports.  "[T]he employer need only provide some reasonable accommodation," *Aka*, 156 F.3d at 1305, which, in this case, was one that plaintiff had requested and had voiced no dissatisfaction with at the relevant time period.  Consequently, the Court finds that the bedrock assumption "that the plaintiff-employee [ ] requested an accommodation which the defendant-employer [ ] denied," *Flemmings*, 198 F. 3d at 861, is defeated and defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment on the remaining reasonable accommodation claim is granted.  A separate final order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE: July 31, 2015                United States District Judge